15 CV 03532

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.

MARIA BILLINI,

                    Plaintiff,

        - against -

HARLEM CENTER FOR EDUCATION, INC. and
PAULA J. MARTIN, *Individually*,

                    Defendants.

------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

RECEIVED
MAY 06 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, MARIA BILLINI, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.     Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972 and 1978 by the Civil Right Act of 1991, Pub. Pub. L. No. 102-166 ("Title VII")) and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et. seq.* and seeks damages to redress the injuries Plaintiff suffered as a result of being discriminated against due to her gender (pregnancy) and retaliated against for opposing Defendants' unlawful employment practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3.     The Court has supplemental jurisdiction over the claims brought under New York City law pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district in that the occurrences giving rise to this action took place within the Southern District.

## PROCEDURAL PREREQUISITES

5.     Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.     Plaintiff received a Notice of Right to Sue from the EEOC, dated April 9, 2015, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.     This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8.     Plaintiff MARIA BILLINI ("BILLINI") is a resident of the State of New York and County of Kings.

9.     Defendant HARLEM CENTER FOR EDUCATION, INC. ("HCE") is a domestic not-for-profit corporation, operating under the laws of the State of New York, with its principal place of business located at 1 East 104th Street, Room 303, New York, NY 10029.  HCE provides academic resources to local youth in East Harlem.

10.     At all times relevant hereto, Plaintiff was an employee of Defendant HCE.

11.     At all times relevant hereto, Defendant PAULA J. MARTIN ("MARTIN") was an employee of Defendant HCE, holding the position of Executive Director and Talent Search Project Director.

12.     At all times relevant hereto, Defendant MARTIN was Plaintiff's supervisor and exercised supervisory authority over Plaintiff BILLINI.  Defendant had the authority to hire, terminate and affect the terms and conditions of Plaintiff's employment.

13.     Defendants HCE and MARTN are referred to herein collectively as the "Defendants.

## MATERIAL FACTS

14.   On or about February, 2004, the Defendants hired Plaintiff BILLINI, who began working part-time as an English Instructor.  Plaintiff was hired by Tony Davis, a former employee of HCE.

15.   At the time of her forced resignation in July, 2014, Plaintiff held the full-time position of Assistant Director of Middle School Programs, earning a yearly salary of approximately $46,000.

16.   Throughout her employment, Plaintiff was an exemplary employee and continuously received stellar performance reviews.

17.   However, in April, 2014, Defendant MARTIN unlawfully discriminated against the Plaintiff on the basis of gender by using her pregnancy as an opportunity to force her resignation.

18.   Plaintiff initially informed Defendant MARTIN of her pregnancy in the middle of November, 2013.

19.   Thereafter, on April 25, 2014, Plaintiff's supervisor of 10 years, Middle School Director Mercedes Jennings, resigned from HCE for another position.

20.   Despite Ms. Jennings' strong recommendations to the Defendants that Plaintiff take over her position, the Defendants never offered Plaintiff this promotion nor did they ever discuss the position with her.

21.   Plaintiff's last day at work before her maternity leave was May 15, 2014.  Unexpectedly, Defendant MARTIN requested that Plaintiff turn over her office keys, work cellular phone, and computer log.  This request made Plaintiff feel as though she was being terminated. Plaintiff had never known the Defendants to make such a request before any other employee's leave of absence.

22.     On May 19, 2014, only a few days into Plaintiff's maternity leave, Defendant MARTIN

sent a very short email to Plaintiff, stating that HCE may not be able to offer Plaintiff

full-time employment, at her current salary, upon Plaintiff's return from maternity

leave.

23.     On July 1, 2014, Defendant MARTIN sent a memo to Plaintiff that specified that she could

either return to work in her position at a significantly reduced salary of $32,500 (a decrease

of $13,500), or work part-time without benefits. "The choice is yours," wrote Defendant

MARTIN.

24.     Defendant MARTIN claimed that a lack of funding from the Math/Science Initiative

necessitated a substantially lower salary for Plaintiff.  Upon information and belief, that

explanation is a mere pretext for Defendant's discriminatory intent as Plaintiff believes and

avers that HCE did in fact have sufficient funding available to maintain Plaintiff's salary of

$46,000.

25.     Plaintiff was deeply upset that Defendant MARTIN was unlawfully taking advantage of

Plaintiff's pregnancy as an opportunity to force her resignation.

26.     Plaintiff determined she would not be able to support herself and her newborn son at the

decreased salary proposed by Defendant MARTIN.

27.     Throughout August, 2014, Defendant MARTIN continued to email Plaintiff regarding what

Plaintiff "plan[ned] to do."

28.     In response, Plaintiff sent an email on August 15, 2014.  Among other things, Plaintiff

pointed out that no one had ever discussed the lack of available funding to pay her salary

*before* she went out on maternity leave.  She also emphasized that the proposed decreased

salary would create a financial hardship for her by making it impossible for her to afford

childcare while working for such a significantly lower salary.

29. Despite Plaintiff's response, Defendant MARTIN replied in an email which merely restated the options offered to Plaintiff, including a part-time position paying $18.75 per hour with no benefits. Defendant also stated that HCE would deem Plaintiff as having resigned if she did not make a "choice" by August 27, 2014.

30. Plaintiff replied by email on August 28, 2014 stating that she was not resigning and that she believed the Defendants had violated her rights with regard to her pregnancy. However, Plaintiff's employment with HCE was ended as Plaintiff was in fact unlawfully forced to resign from her position due to the substantial decrease in her salary.

31. Subsequently, Plaintiff filed for unemployment benefits in September, 2014.

32. **However, in retaliation for Plaintiff's e-mailed complaint of unlawful discrimination, Defendant MARTIN filed an objection to Plaintiff's unemployment benefits on October 10, 2014 because Plaintiff would not agree to execute a release waiving her right to seek legal redress for Defendants' unlawful gender discrimination.**

33. In fact, Defendant MARTIN admitted in an email dated October 10, 2014 that the objection would be removed if Plaintiff only agreed to execute the release.

34. Furthermore, despite Defendants' subsequent appeal of Plaintiff's awarded unemployment benefits, Defendant MARTIN admitted in her email of October 10, 2014 that, "HCE has no intention of denying you your benefits and will assist however we can in expediting the reinstatement of your claim once the release is deemed [signed and] effective."

35. Although Plaintiff was an exemplary employee, the Defendants forced Plaintiff to resign due to her pregnancy.

36. Defendants' actions and conduct were intentional and aimed at harming Plaintiff.

37.   As a result of Defendants' discrimination, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and severely distressed.

38.   As a result of the acts and conduct complained of herein, Plaintiff has suffered loss of income, loss of a salary, bonuses, benefits, and other compensation that such employment entails, future pecuniary losses, pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

39.   As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

40.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands punitive damages as against both Defendants, individually and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

41.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

42.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the Defendant.  Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

43.   Defendant HCE engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

44.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

46.     Defendant HCE engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the Defendants.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48.     The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

49.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

50.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

52.    Defendant MARTIN engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54.    The New York City Administrative Code §8-107(7) provides that it shall be an unlawful discriminatory practice: "For any person to retaliate or discriminate in any manner against any person because such person has opposed any practices forbidden under this chapter. . ."

55.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of her opposition to the unlawful employment practices of her employer.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57.   New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      i.   the employee or agent exercised managerial or supervisory responsibility; or

      ii.   the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      iii.   the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

   c.   An employer shall be liable for an unlawful discriminatory practice committed  by

a person employed as an independent contractor, other than an agent of such

employer, to carry out work in furtherance of the employer's business enterprise

only where such discriminatory conduct was committed in the course of such

employment and the employer had actual knowledge of and acquiesced in such

conduct.

58.  Defendant HCE violated the section cited herein.


## JURY DEMAND

59.  Plaintiff requests a jury trial on all issues to be tried.


WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title

VII of the Civil Rights Act of 1964 and the New York City Administrative Code, §8-107

*et. seq.*, in that Defendants discriminated against Plaintiff on the basis of her gender and

pregnancy;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants'

unlawful discrimination and to otherwise make her whole for any losses suffered as a result

of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action;

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.


Dated: New York, New York
       April 30, 2015

                                        PHILLIPS & ASSOCIATES,
                                        ATTORNEYS AT LAW, PLLC


                              By:       _____
                                        Joshua R. Frank, Esq.
                                        *Attorney for Plaintiff*
                                        45 Broadway, Suite 620
                                        New York, New York 10006
                                        (212) 248-7431
                                     ,  jfrank@tpglaws.com

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Maria Bilini<br>150 Corbin Place<br>Brooklyn, NY 11235 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-01794 | Orfelino Genao,<br>Investigator | (212) 336-3642 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry
**Kevin J. Berry,**
**District Director**

4-9-2015
*(Date Mailed)*

Enclosures(s)

cc:
Director
Director of Human Resource
HARLEM CENTER FOR EDUCATION, INC.
1 East 104th Street
Room 303
New York, NY 10029

Joshua P. Frank, Esq.
PHILLIPS & ASSOCIATES
45 Broadway
Suite 620
New York, NY 10006